## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Plaintiffs<br>CAITLIN BERNARD,<br>M.D., *et al.,* | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| Defendants<br>THE INDIVIDUAL MEMBERS OF THE<br>INDIANA MEDICAL LICENSING BOARD,<br>*et al.,* | : | Civil Case No: 2:21-mc-00009-JMG |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| Movant<br>THOMAS JEFFERSON UNIVERSITY<br>HOSPITAL | : | |
| | : | |

## <u>ORDER</u>

**AND NOW,** this 19th day of March, 2021, upon consideration of Non-Party Thomas Jefferson University Hospital's ("TJUH") Motion to Quash (ECF No. 1), Defendants the Individual Members of the Indiana Medical Licensing Board's (the "State of Indiana") response in opposition and cross-motion to compel (ECF No. 7), and the responses and replies thereto, and exceptional circumstances appearing,[1] it is hereby **ORDERED as follows:**

---

[1] Federal Rule of Civil Procedure 45(f) authorizes district courts where compliance with a subpoena would be required to transfer subpoena-related motions to the issuing court "if the person subject to the subpoena consents or if the court finds exceptional circumstances." FED. R. CIV. P. 45(f). According to the Advisory Committee's Notes, the primary consideration should be to avoid burdening local nonparties subject to subpoenas. FED. R. CIV. P. 45(f) advisory committee's note to 2013 amendment. However, the circumstances of a given case may warrant transfer "in order to avoid disrupting the issuing court's management of the underlying litigation, such as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id.* Courts may also consider the complexity of the underlying litigation. *Bell v. ATH Holding Co., LLC*, No. 18-148, 2018 WL 3429710, at *4 (E.D. Pa. July 16, 2018) (Kearney, J.).

The subpoenas relevant to the motion to quash and cross-motion to compel were issued by the United States District Court of the Southern District of Indiana. Having reviewed the subpoena-related filings and the Southern District of Indiana's docket, the Court finds many compelling reasons favoring transfer. The complexity of the underlying action is apparent, and the pending subpoena-related motions would require the Court to delve into

1. The Clerk of Court is directed to **TRANSFER** this miscellaneous action to the Clerk of the United States District Court for the Southern District of Indiana to be docketed at *Bernard, M.D. et al v. Individual Members of the Indiana Medical Licensing Board et al*, No. 19-cv-01660-SEB-DML, before the Honorable Sarah Evans Barker.

2. The Clerk of Court shall **CLOSE** this case in the Eastern District of Pennsylvania.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

the specifics of that action in order to balance the relevance of the requests against the burdens of compliance. Moreover, the discovery period appears to have ended in the underlying case, and therefore any decision on the pending motions may disrupt the issuing court's management of the litigation.

At the same time, the Court recognizes, and is sympathetic to, the burden placed on the local nonparty in litigating the motions in another state. However, in this case, that burden is outweighed by the exceptional circumstances favoring transfer of this action to the issuing court.